Eastern District of Kentucky
FILED
SEP 07 2021
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:20-CR-15-CHB-EBA

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

WESLEY GLENN MARTIN     DEFENDANT
aka WESLEY MARTIN

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, charging a violation of 18 U.S.C. § 922(g), felon in possession of a firearm. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count Two. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of 18 U.S.C. § 922(g) are as follows:

   (a) The Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year;

   (b) The Defendant, following his conviction, knowingly possessed a firearm as specified in the Indictment; and

   (c) The firearm specified in the Indictment crossed a state line prior to the Defendant's possession of it.

3. As to the Count One of the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On April 4, 2019, in Floyd County, in the Eastern District of Kentucky, the Defendant knowingly possessed a firearm. Specifically, he possessed a Stevens Browning Model 621, 20 Gauge sawed-off shotgun, Serial Number U92143. The Defendant kept the gun at his residence. The shotgun necessarily travelled in interstate commerce because Stevens Browning firearms are not manufactured in Kentucky.

    (b) The Defendant knew he was prohibited from possessing a firearm generally because he had been convicted of a crime punishable by a term of imprisonment exceeding one year. Specifically, the Defendant was previously convicted of Kentucky Second Degree Assault, which is a felony under Kentucky law, and for which he served more than one year in custody.

4. The statutory punishment for Count One is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.) Manual in effect at sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.  The Defendant also will not seek a sentence below the advisory sentencing guidelines range as determined by the Court at sentencing.

8. The Defendant waives the right to appeal his guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture.  The Defendant also agrees the United States can prove the required nexus for forfeiture.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.  The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 9/7/21                By: _____
                            R. Nicholas Rabold
                            Assistant United States Attorney

Date: 9-7-21                By: _____
                            Wesley Glenn Martin
                                aka Wesley Martin
                            Defendant

Date: 9-7-21                By: _____
                            Ned Pillersdorf
                            Attorney for Defendant