UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY GLENN MARTIN,<br>a/k/a WESLEY MARTIN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Action No. 7:20-CR-015-CHB<br><br>**SENTENCING ORDER** |

*** *** *** ***

In order to proceed under the Sentencing Reform Act, it is hereby **ORDERED** as follows:

1. Sentencing proceedings are set in this case on **Tuesday, January 11, 2022, at the hour of 11:00 a.m.**, before the Honorable Claria Horn Boom, United States District Judge, at the United States Courthouse in **London, Kentucky**.

2. The defendant and defense counsel shall schedule an interview with the Probation Officer within **five (5) days** of the entry of a plea or a jury verdict, with the actual interview to occur not later than **two (2) weeks** from the date of the entry of a plea or a jury verdict. It shall be the responsibility of defense counsel to contact the Probation Office to ascertain the time and place of the interview, unless defense counsel's attendance is waived.

3. Not less than **thirty-five (35) days** prior to the date set for sentencing, the Probation Officer shall provide a copy of the Presentence Investigation Report ("PSR") to the defendant and to counsel for both the defendant and the United States. **Within fourteen (14) days thereafter, counsel shall submit by letter, to the Probation Officer and to opposing**

**counsel, all objections which they have to the PSR**. After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the PSR that may be necessary. The Probation Officer may require counsel for both parties to meet with the Officer to discuss unresolved factual and legal issues.

4. **Not less than ten (10) days** prior to the sentencing hearing, the Probation Officer shall submit the PSR to the undersigned. The PSR shall be accompanied by the written objections of counsel and by an addendum setting forth any objections counsel may have made that have not been resolved, together with the Officer's comments thereon. The Probation Officer shall provide a copy of any addendum to the PSR, including any revisions thereof, to the defendant and to counsel for the defendant and the United States. The PSR shall also be accompanied by relevant medical or psychological evaluations, if such reports exist.

5. **Not less than ten (10) days prior to the sentencing hearing** the parties shall file in the record:

a) a memorandum in support of or opposition to unresolved objections to the PSR that may impact the defendant's sentence. The memorandum shall reference each objection by the same numerical reference that appears in the addendum to the PSR;

b) a list of any witnesses that may be called at the sentencing hearing. The list shall include a brief synopsis of each witness's testimony and an estimate of the length of such testimony; and

c) a notice to the Court if either counsel reasonably believes that the time in which to complete the sentencing hearing will exceed forty-five (45)

minutes.

6. Except for any unresolved objections under paragraph 4, the Court may, at the hearing, accept the PSR as its findings of fact. For good cause shown, the Court may allow a new objection to be raised at any time before imposing sentence. **However, objections may not be raised for the first time in the text of a sentencing memorandum tendered pursuant to Paragraph 8 of this Order.** If filed in the record, late filed objections must be raised in a separate document with an appropriate caption. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the defendant, or the United States. In particular, the Court reminds the parties of the standard in U.S.S.G. § 6A1.3(a):

> . . . In resolving any dispute concerning a factor important to the sentencing determination, the Court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

7. **No less than *seven (7)* days prior to the sentencing hearing**, the United States shall file any motions for downward departure pursuant to U.S.S.G. §5K1.1 and/or 18 U.S.C. § 3553(e) (along with a supporting memorandum specifically articulating the basis for the motion), and any such motions **shall be filed under seal**.

8. **No less than *seven (7)* days prior to the sentencing hearing**, the defendant shall file in the record any request for relief pursuant to 18 U.S.C. §3553(a)(2) along with a supporting memorandum. As previously noted in Paragraph 6 of this Order, objections to the PSR or Sentencing Guideline Calculations shall not be raised for the first time within the text of this memorandum.

9. The times set forth in this order will be modified by the Court only for good cause

shown, except that the **thirty-five (35)-day** period provided for disclosure of the PSR pursuant to Fed. R. Crim. P. 32(e)(2) may be diminished only with the defendant's consent.

10. Nothing in this order requires the disclosure of any portions of the PSR that are exempt from disclosure under Fed. R. Crim. P. 32(i)(1)(B) and (d)(3).

11. The PSR shall be deemed to have been disclosed:

(1) when the PSR is physically delivered to counsel;

(2) **one (1) day** after the PSR's availability is orally communicated to counsel; or

(3) **three (3) days** after notice of its availability is mailed to counsel or the date of availability reflected in the notice, whichever is later.

12. The disclosure of the PSR to the defendant shall be the responsibility of counsel for the defendant.

13. The Probation Officer shall not disclose the Probation Officer's recommendation, if any, on the sentence.

14. To the extent character letters are submitted on behalf of the defendant, the Clerk of Court is directed to place those letters in the record, unless otherwise ordered by the Court. Character letters shall be submitted as soon as practicable, but no later than **five (5) business days** prior to the scheduled sentencing date.

15. Following the conclusion of the case before the District Court and upon the filing of a Notice of Appeal, the Probation Officer shall file a copy of the PSR to the Clerk of the Court, who shall place the report in the record under seal and flagged: "CONFIDENTIAL

PRESENTENCE INVESTIGATION REPORT TO BE OPENED ONLY BY THE COURT OF APPEALS OR BY ORDER OF THE DISTRICT COURT," and at the same time, the Probation Officer shall provide a copy of the sentencing recommendation and any other information submitted to the Court pursuant to Fed. R. Crim. P. 32(e)(3) to the Clerk of Court, who shall place all Fed. R. Crim. P. 32(e)(3) information under separate seal flagged: "CONFIDENTIAL RULE 32(e)(3) INFORMATION. NOT TO BE DISCLOSED TO THE PARTIES. TO BE OPENED ONLY BY THE COURT OF APPEALS OR BY ORDER OF THE DISTRICT COURT."

16. These SEALED matters (PSR & Fed. R. Crim. P. 32(e)(3) Information) will be maintained in the record for a period of one (1) year after all direct appeals have been mandated and then will be returned to the United States Probation Office at London, Kentucky, unless otherwise ordered by the Court.

17. To the extent a written plea agreement exists between the parties, the plea agreement will be maintained in the record for a period of one (1) year after all direct appeals have been mandated and then will be returned to the United States Attorney's Office unless otherwise ordered by the Court.

This the 8th day of September, 2021.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

Claria Horn Boom

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY