# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# PIKEVILLE

CRIMINAL ACTION NO. 7:20-CR-15-CHB-EBA

UNITED STATES OF AMERICA                                                                                  PLAINTIFF

V.                      **SENTENCING MEMORANDUM**

WESLEY GLENN MARTIN                                                     DEFENDANT

\* \* \* \* \*

The Defendant, Wesley Glenn Martin, submits a series of Guideline objections to his Presentence Report. The Government believes the Probation Office, save the application of § 2K2.1(a)(3),[1] correctly resolved Martin's objections. As such, the Probation Officer's Addendum is incorporated by reference herein. [Presentence Report at 45–50.]

In short, Martin's objections should be overruled. [*Id.*] Resolution of Martin's objections at sentencing, however, may extend his hearing beyond the 45-minute window. This is because, while at present the objections appear presented on uncontested facts, multiple witness may need to be called by the Government to resolve the factual issues surrounding the objections. The legal arguments at least with regard to § 2K2.1(a) are also of some complexity, further extending the amount of time required.

---

[1] This is a complex issue in an ever-changing area of the law, which the undersigned has wrestled with, and which the Probation Office cannot be faulted for applying in the manner done here.

1. **Section 2K2.1(a)(3) Applies**

Section 2K2.1(a)(3) provides that a defendant's base offense level is 22 if the offense involved a "firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(3). Section 5845(a) includes "a shotgun having a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a)(1).

A crime of violence "has the meaning given that term in § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1 cmt. 1. Section 4B1.2 defines a crime of violence as

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that [1] has as an element the use, attempted use, or threatened use of physical force against the person of another[;] or [2] is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, *arson*, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (emphasis added).

Martin pleaded guilty to possessing "a Stephens Browning Model 621, 20 Gauge sawed-off shotgun, Serial Number U92143." [R. 37: Plea Agreement at 96 (¶ 3(a)).] He appears to concede that this firearm matches the definition of 26 U.S.C. § 5845(a)(1). [R. 50: Martin Sentencing Memorandum at 170–71.] But, he argues that the firearm was unserviceable at the time of his arrest, which he believes precludes the application of Section 2K2.1(a)(1). [*Id.*] This is incorrect.

2

By their plain language, neither § 2K2.1 nor § 5845 hinge the counting of a firearm on its serviceability. *Compare* U.S.S.G. § 2K2.1, *with* 26 U.S.C. § 5845. Even if they did, an unserviceable firearm is limited to one "*incapable* of being readily restored to a firing condition." 26 U.S.C. § 5845(h) (emphasis added). For that reason, a firearm seized in unserviceable condition, but which is serviceable upon restoration, counts for purposes of § 2K2.1(a). *United States v. Partington*, 21 F.3d 714, 719 (6th Cir. 1994) (upholding district court's counting gun "test fired upon being examined. . . and it worked. So it is not as though it was a pile of rubble. It was a properly functionable firearm."); *United States v. Davis*, 668 F.3d 576, 579 (6th Cir. 2012) (upholding district court's counting gun that "'could be fixed to fire'").

The sawed-off shotgun had recently been cleaned and oiled at the time of its seizure from Martin. [Presentence Report at 4 (¶ 8).] Law enforcement would testify, consistent with the facts in the Presentence Report, that it appeared Martin was stepping toward the firearm as he refused to comply with commands. [*Id.*] The firearm was loaded and intact on the ground. [*Id.*] When picked up, it did separate. But, it was easily reassembled and fired during forensic investigation. [*Id.* at 38.] It unequivocally meets the criteria required for qualification under § 2K2.1(a).

Similarly, Martin's prior conviction for Assault 2nd in violation of Ky. Rev. Stat. Ann. § 508.020 qualifies as a crime of violence. *United States v. Collins*, 799 F.3d 554, 597 (6th Cir. 2015); *United States v. Money*, 2021 WL 1435276, at *4 (Jan. 14, 2021) (recommended disposition citing *Collins*). It would first appear that Martin's prior conviction for Arson 3rd in violation of Ky. Rev. Stat. Ann. § 513.040 qualifies as well.

3

Certainly, it has. *United States v. Adams*, 51 F. App'x 507, 508–09 (6th Cir. 2002) ("Because Adam's reckless homicide and arson convictions were countable, the district court properly sentenced him as a career offender.").

Changes in constitutional law since that time, however, indicate the tides have changed. *See, e.g.*, *Begay v. United States*, 553 U.S. 137, 144–45 (2008) (discussing enumerated offenses in their generic form including conduct that is purposeful, violent, or aggressive). The most current caselaw indicates that Kentucky Assault 3rd—criminalizing the wanton destruction of a building either the defendant's own or another's property— simply does not meet the accepted definition of generic arson. *Id.* at 145 (citing Model Penal Code § 220.1(1) (1985) (discussing purpose of destroying building of another)); *United States v. Mitchell*, 218 F. Supp. 3d 360, 370–71 (M.D. Pa. 2016); *see also In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020) ("Arson under § 844(i) does not appear to qualify as a crime of violence under § 924(c)(3)(A) because it can be committed against 'any building . . . used in interstate or foreign commerce,' including one owned by the arsonist."). Accordingly, § 2K2.1(a)(3), not (1), applies, and Martin has a base offense level of 22. Martin's objection should be overruled in part.

2. **Section 2K2.1(b)(3)(B) Applies**

Section 2K2.1(b)(3)(B) provides for a two-level increase for "a destructive device other than a destructive device referred to in subdivision (A)." U.S.S.G. § 2K2.1(b)(3)(B). A destructive device "has the meaning given that term in 26 U.S.C. § 5845(f)." U.S.S.G. § 2K2.1 cmt. 1. This includes "any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other

4

propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter." 26 U.S.C. § 5845(f)(2). A sawed-off shotgun with a barrel more than ½ of an inch qualifies as such a destructive device. *United States v. Wynn*, 365 F.3d 546, 552 (6th Cir. 2004) ("Wynn's sawed-off shotgun [is] a destructive device as defined by Application Note 4 to U.S. Sentencing Guidelines § 2K2.1.").

Martin again appears to concede that the shotgun he possessed would meet the statutory definition of a destructive device. [R. 50: Martin Sentencing Memorandum at 173–74; 37: Plea Agreement at 96 (¶ 3(a)).] But, he argues that it is not because it was not serviceable when it came apart in police custody. [R. 50: Martin Sentencing Memorandum at 173–74.] As above, however, Martin's argument is misplaced.

By their plain language, neither § 2K2.1 nor § 5845 hinge the counting of a firearm on its serviceability. *Compare* U.S.S.G. § 2K2.1*, with* 26 U.S.C. § 5845. Even if they did, an unserviceable firearm is limited to one "*incapable* of being readily restored to a firing condition." 26 U.S.C. § 5845(h) (emphasis added). For that reason, a firearm seized in unserviceable condition, but which is serviceable upon restoration, counts for purposes of § 2K2.1(a). *United States v. Partington*, 21 F.3d 714, 719 (6th Cir. 1994); *United States v. Davis*, 668 F.3d 576, 579 (6th Cir. 2012).

As stated, the sawed-off shotgun had recently been cleaned and oiled at the time of its seizure from Martin. [Presentence Report at 4 (¶ 8).] The firearm was loaded and intact on the ground. [*Id.*] When picked up, it did separate. But, it was easily reassembled and fired during forensic investigation. [*Id.* at 38.] It unequivocally meets the criteria required

for qualification under § 2K2.1(b)(3)(B). The two-level enhancement applies, and Martin's objection should be overruled.

### 3. Knott County Cases 10-CR-66 and 11-CR-52 are Separate Sentences

"The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). "Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2).

Martin argues that Knot County Cases 10-CR-66 and 11-CR-52 should be counted as a single sentence because they were imposed on the same day. [R. 50: Martin Memorandum at 174.] This is incorrect and contrary to the explicit direction of the Guideline. Sentences imposed on the same day should only be counted as a single sentence when "there is no intervening arrest." U.S.S.G. § 4A1.2(a)(2). Here, there was an intervening arrest.

Specifically, the offense described in Paragraph 41 of the Presentence Report (Knott County Case 10-CR-66) was committed on May 21, 2010, with an arrest on May 27, 2010. [Presentence Report at 9–10 (¶ 41).] Martin was released due to the lack of an indictment in August of 2010. While on release, he committed the offense described in Paragraph 42 of the Presentence Report (Knott County Case No. 11-CR-52) on April 21, 2011. [*Id.* at 10 (¶ 42).] He was rearrested on that day and sentenced for both crimes on August 21, 2012. Importantly, the offense in Paragraph 42 could not have been committed if he had not been

6

released on the offense in Paragraph 41. He was only sentenced following the intervening arrest between the two sentences. [*Compare id.* at 9–10 (¶ 41), *with id.* at 10 (¶ 42).] The sentences are correctly counted separately in the Presentence Report, and Martin's objection should be overruled.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By: s/ R. Nicholas Rabold
Assistant United States Attorney
601 Meyers Baker Road Suite 200
London, KY 40741
606-330-4833
nick.rabold@usdoj.gov

## CERTIFICATE OF SERVICE

On February 7, 2022, I filed this document through the CM/ECF system, which emailed a copy of this document to counsel of record.

s/R. Nicholas Rabold
Assistant United States Attorney